IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John W. McQueen, | : | |
| Petitioner | : | Civil Action 2:10-cv-00955 |
| v. | : | Judge Smith |
| Deb. Timmer. Cooper, Warden | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## ORDER

Petitioner John McQueen, a State prisoner, brought this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on Magistrate Judge Abel's November 16, 2011 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied because petitioner did not present his sole habeas corpus claim, that he was denied his constitutional right to a speedy trial, to the Ohio courts (doc. 24).

On November 28, 2011, petitioner McQueen filed objections to the Report and Recommendation (doc. 26). He filed a "supplemental response" to the Report and Recommendation on November 29, 2011 (doc. 25). Petitioner argues that he did not have to identify his speed trial argument as a federal constitutional claim in the Ohio courts.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

Petitioner presented his speedy trial claim to the Ohio courts solely as an Ohio statutory claim. There was no argument based on the United States Constitution. January 31, 2011 Return of Writ, Exh. 8, PAGEID ## 151, 183-03. In its December 1, 2009 decision, the Ohio Court of Appeals for the Tenth District considered the assignment of error solely as an Ohio law claim. *Id.,* Exh. 10, PAGEID ## 237, 252-56. Although a petitioner does not have to cite controlling federal case law or even cite the correct constitutional provision, *Ford v. Georgia,* 498 U.S. 411 (1991), he does have to give the state courts a fair opportunity to address his federal constitutional claim. *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006); *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir. 1993); *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir. 1983). Here petitioner did not give the Ohio courts a fair opportunity to consider his federal denial of the right to a speedy trial claim.

The petition for writ of habeas corpus is DENIED.  This action is hereby DISMISSED.  The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

        s/    George C. Smith

        George C. Smith
        United States District Judge